[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12193
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:04-cr-14064-KMM-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TOBIAS LOWE

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 21, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Tobias Lowe appeals his sentence of twenty-four months' imprisonment, imposed above his guideline range upon revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e). On appeal, Lowe argues that his sentence is substantively unreasonable.

In 2005, Lowe pleaded guilty to carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)(I). He was sentenced to sixty months' imprisonment to be followed by five years' supervised release. In 2009, Lowe violated the terms of his supervision by possessing cocaine and consuming alcohol. The district court revoked his supervised release and sentenced him to one year plus one day of imprisonment and four years of supervised release. In March 2011, Lowe again violated his supervised release, again with drug possession and use. The guidelines range was four to ten months' imprisonment, but the government recommended an above-guidelines sentence, based in part upon Lowe's history of violations. The district court agreed and sentenced him above the guidelines to twenty-four months' imprisonment. Lowe objected, arguing that the court's sentence was substantively unreasonable.

We review the reasonableness of a sentence imposed by the district court for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant

factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

We look to the factors set forth in 18 U.S.C. § 3553(a) to determine whether the sentence imposed is substantively reasonable. *Gall*, 552 U.S. at 51.[1] The district court must impose a sentence that is sufficient, but not greater then necessary, to comply with the purpose of the 3553(a) factors. Generally, we "defer to the district court's judgment regarding the weight given to the . . . factors," *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), and we recognize that there is a range of reasonable sentences from which a district court can choose. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). However, "a major departure should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50

Here, the district court's sentence was not substantively unreasonable. The district court considered and weighed the § 3553(a) factors, determining that

---

[1] These factors include 1) the nature and circumstances of the offense; 2) the history and characteristics of the defendant; 3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; 4) the need to deter criminal conduct; 5) the need to avoid unwarranted sentencing disparities between similarly situated defendants; and 6) the advisory guidelines range. 18 U.S.C. § 3553(a)(1)-(6).

Lowe's history justified its upward variance. Specifically, the district court pointed to Lowe's demonstrated recidivism and the short time-frame between his violations, his apparent disrespect for the law, and his disregard for the court's orders. Further, we have held that a defendant's recidivism can be a proper basis for an upward variance from the advisory guideline range. *See United States v. Tome*, 611 F.3d 1371, 1373 (11th Cir. 2010). Because we conclude that Lowe's sentence was "within the range of reasonable sentences from which the district court could choose," *Talley*, 431 F.3d at 788, the district court did not abuse its discretion when it sentenced Lowe to twenty-four months' imprisonment. The sentence is **AFFIRMED**.